UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEANNA NORRIS,<br>　　　　Plaintiff,<br><br>-v-<br><br>SAMUEL L. STANLEY, JR., ET AL.,<br>　　　　Defendants. | No. 1:21-cv-756<br><br>HON. PAUL L. MALONEY |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's motion for a temporary restraining order (ECF No. 3). Plaintiff's lawsuit challenges the constitutionality of the COVID-19 vaccine mandate for all Michigan State University ("MSU") employees, created and enforced by Samuel L. Stanley, Jr., President of MSU; Dianne Byrum, Chair of the Board of Trustees of MSU; Dan Kelly, Vice Chair of the Board of Trustees; Renee Jefferson, Pat O'Keefe, Brianna T. Schott, Kelly Tebay, and Rema Vessar, Members of the Board of Trustees; and John and Jane Does 1-10 (collectively, "Defendants").

The decision to grant or deny a temporary restraining order falls within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) ("The district court's decision to grant a temporary restraining order, when appealable, is reviewed by this court for abuse of discretion."). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to

the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Northeast Ohio Coalition for Homeless and Service Employees Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The four factors are not prerequisites that must be met, but are interrelated concerns that must be balanced together. *See Northeast Ohio Coalition*, 467 F.3d at 1009.

The Court finds that Plaintiff has not met her burden.

**Factor 1: Substantial Likelihood of Success on the Merits**

Under the first factor, Plaintiff has not demonstrated a strong likelihood of success on the merits of her claim. The Plaintiff alleges a substantial likelihood of success on the merits on three grounds. First, she alleges that MSU's COVID-19 vaccine mandate violates her Ninth and Fourteenth Amendments right to privacy by forcing her to receive an unwanted and unnecessary vaccine. However, there is directly contradictory Supreme Court precedent. In *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), the Supreme Court upheld a Massachusetts law that allowed cities to require residents to be vaccinated against smallpox based on the state's valid exercise of its police power to protect the health and safety of its citizens. *See id.* at 38. The Supreme Court further established a rational basis standard of

2

review for vaccination mandates. *See generally id.* Moreover, in a persuasive case recently decided in the U.S. District Court for the Northern District of Indiana, the district court denied the plaintiffs'—students at Indiana University—motion for preliminary injunction to prevent the university from enforcing its vaccine mandate for students. *See Klaassen v. Trs. of Indiana*, No. 1:21-CV-238 DRL, 2021 WL 3073926 (N.D. Ind., July 18, 2021). The district court conceded that although students retain the right to refuse unwanted medical treatment, the Fourteenth Amendment permits Indiana University to require its students to be vaccinated to protect the public health of its students, faculty, and staff. *See id.* at *46. And on appeal, the Seventh Circuit reiterated that under *Jacobson*, vaccination mandates are subject to a rational basis standard of review. *See Klaassen v. Trs. of Indiana*, No. 21-2326, 2021 WL 3281209, at *1 (7th Cir., Aug. 2, 2021). This Court finds the *Klaassen* opinion to be persuasive authority, as there is no binding Sixth Circuit precedent to consult.

Plaintiff's second argument that she has a substantial likelihood of success on the merits rests on the Due Process Clause of the Fourteenth Amendment in that no state may "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, sec. 1. Although Plaintiff does not directly assert that she is a for-cause employee, she does argue that she has a property interest in her employment and benefits at MSU and thus cannot be denied this position without due process of the law—i.e., for refusing to receive the COVID-19 vaccine and being terminated as a result. In Michigan, it is presumed that Plaintiff is an at-will employee. *See Lytle v. Malady*, 579 N.W.2d 906, 910 (Mich. 1998) ("Generally, and under Michigan law by presumption, employment relationships are terminable at the will of either party."). Therefore, due to Plaintiff's at-will

employment status, she does not have a constitutionally protected property interest in her employment position and this claim is without merit. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564 (1972).

Third and finally, Plaintiff argues that she demonstrated a substantial likelihood of success on the merits because MSU's vaccine mandate fails to give her the option to refuse the vaccine under the federal Emergency Use Authorization ("EUA") statute. *See* 21 U.S.C. § 360bbb-3. Under the EUA, the FDA can issue the emergency use of a vaccine that has not yet received FDA approval, licensing, or been cleared for commercial distribution due to a potential emergency. *See id.* § 360bbb-3(a)(2). However, the EUA further requires that in such a scenario, one of the conditions of the authorization of an unapproved product is to allow the individual to whom the product is administered to be given "the option to accept or refuse administration of the product." *Id.* § 360bbb-3(e)(1)(A)(ii)(III). Here, Plaintiff alleges that she has *not* been given the option to refuse administration of the COVID-19 vaccine. However, on August 23, 2021, the FDA approved the Pfizer Comirnaty COVID-19 Vaccine. *See FDA Approves First COVID-19 Vaccine*, FDA (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine. Consequently, should Plaintiff be offered the FDA-approved Pfizer Comirnaty vaccine, her argument under the EUA statute would be moot, as she would not be entitled the option to refuse the vaccine. Thus, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits on EUA grounds as well.

Taking all of these arguments into consideration, because Plaintiff does not have a constitutionally protected property interest in her employment position at MSU and is not

being denied any constitutional rights under the Fourteenth Amendment, nor is employment a fundamental right under the United States Constitution, this matter will receive rational basis scrutiny. *See League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer*, 814 F. App'x 125, 128 (6th Cir. 2020) (explaining that Governor Whitmer's COVID executive orders merely required a "rational speculation" standard that only offered conceivable support). And for Plaintiff to win under this standard of review, Plaintiff must show that MSU's vaccine mandate is not rationally related to a legitimate governmental interest, i.e., the health and safety of the public. Plaintiff is unlikely to win under rational basis review. Therefore, at this stage, Plaintiff has not shown a substantial likelihood of success on the merits.

### Factor 2: Showing of Irreparable Injury

Further, under the second factor, Plaintiff has failed to show irreparable harm that will befall her before Defendants have an opportunity to respond to be granted a temporary restraining order. *See* Fed. R. Civ. P. 65(b)(1)(A).

In Plaintiff's eyes, she has two options: receive the COVID-19 vaccine and give up her constitutionally protected rights to bodily autonomy and privacy, or refuse to receive the COVID-19 vaccine and risk termination of her job, a constitutionally protected property interest. As such, Plaintiff argues that in either option, her constitutional rights will be infringed upon, causing her an irreparable harm. But Plaintiff misconstrues what an irreparable harm is. An irreparable harm is an extraordinary harm—one that cannot be fully compensated by money damages. *See Winter v. NRDC*, 555 U.S. 7, 22 (2008). If Plaintiff

can be properly compensated by monetary damages, she cannot show that she is facing an irreparable harm necessary to receive a temporary restraining order.

As Plaintiff will not receive the COVID-19 vaccine by August 31, 2021, she could consequently be terminated by MSU for failing to receive the vaccine. And if this Court determines during litigation that Plaintiff was wrongfully terminated, Plaintiff would indeed have proper monetary compensation: her lost wages and benefits she did not receive during her period of wrongful termination. These lost wages and benefits can be calculated to an exact amount and are not speculative enough to warrant a temporary restraining order. Therefore, Plaintiff has failed to show that she faces an irreparable injury in the event that MSU terminates Plaintiff's employment.

Accordingly, because Plaintiff failed to show that she is substantially likely to succeed on the merits of this case and that she will face an irreparable injury not compensable by monetary damages, this Court need not address the public interest factor in Plaintiff's requested temporary restraining order. Plaintiff's motion for a temporary restraining order must be denied. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff must serve a copy of her complaint (ECF No. 1), a copy of her motion for a temporary restraining order (ECF No. 3), and a copy of this Order on Defendants as soon as reasonably possible and no later than Friday, September 3, 2021, by 5:00 pm. Plaintiff must also serve the Defendants with a proof of service and file a proof of service with this Court as soon as reasonably possible.

**IT IS FURTHER ORDERED** that Defendants must file a response to the motion for a preliminary injunction no later than Friday, September 10, 2021, by 5:00 pm, and Plaintiff may file a reply brief by Wednesday, September 15, 2021, by 5:00 pm.

**IT IS FURTHER ORDERED** that the Parties shall appear for a hearing on the preliminary injunction on Wednesday, September 22, 2021, at 9:00 am at the Federal Building, 410 W. Michigan Ave., Kalamazoo, MI 49007.

**IT IS SO ORDERED.**

Date: August 31, 2021              /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   United States District Judge