IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEANNA NORRIS, on behalf of herself and all others similarly situated, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) ) Case No. 1:21-cv-756 |
| SAMUEL STANLEY, JR., in his official capacity as President of Michigan State University; DIANNE BYRUM, in her official capacity as Chair of the Board of Trustees, DAN KELLY, in his official capacity as Vice Chair of the Board of Trustees; and RENEE JEFFERSON, PAT O'KEEFE, BRIANNA T. SCOTT, KELLY TEBAY, and REMA VASSAR in their official capacities as Members of the Board of Trustees, of Michigan State University, and John and Jane Does 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| *Defendants*. | ) |

**BRIEF IN SUPPORT OF PLAINTIFF's MOTION FOR ALTERNATIVE FORMS OF RELIEF IN LIGHT OF THE UNAUTHORIZED LATE FILING OF A SECOND DR. ZERVOS DECLARATION**

Plaintiff filed her reply to Defendants' Opposition to her Motion for a Preliminary Injunction on September 15, 2021, in accordance with the briefing schedule set by the Court. She later agreed to Defendants filing a surreply focused on a specific point (MSU's legal authority under Michigan police power law to mandate vaccinations). But Plaintiff had specifically based her consent to the surreply on the condition that Defendants file any such brief *by September 17* in order to allow all parties time to sufficiently prepare for the hearing set for Wednesday, September 22. *See* Ex. 1 (email with opposing counsel). In conformity with discussions among counsel,

1

Defendants next filed a motion for leave to file their surreply on September 17, along with the brief itself.  *See Norris v. Stanley et al*, No. 1:21-cv-756, Dkt Nos. 13, 14.  So far, so good.  Plaintiff does not object to that filing, even though it makes new legal arguments, because undersigned counsel is prepared to simply rebut Defendants' new and erroneous contentions about Michigan law at the September 22 hearing itself.

However, Defendants now attempt to take a liberty—for strategic advantage—that Plaintiff cannot allow to go unaddressed.  Without any warning, and while their motion for leave to file a surreply was *still pending*, Defendants filed an *unauthorized, second 18-page* declaration written by their medical expert, Dr. Marcus Zervos ("Late 2d Zervos Decl."), on September 20 at approximately 3:30 p.m., while undersigned counsel were in a pre-scheduled meeting preparing for the September 22 hearing.  *See Norris v. Stanley et al*, No. 1:21-cv-756, Dkt No. 17.  At no time did Defendants' counsel ever discuss this second declaration with counsel for the Plaintiff.  It came out of the blue.  It is improper.  And it appears designed to capitalize on the fact that Plaintiff and her counsel are in the middle of final hearing preparations, all while traveling to Kalamazoo.  Defense counsel knows the parties are under tight time limits of 90 minutes each for tomorrow's hearing.  Yet this late 18-page expert hit makes a mockery of the agreement between counsel.

Moreover, filing an extensive new medical declaration so close to the hearing only highlights Defendants' desperation to find some way to paper over a key gap (even after all of the preliminary injunction filings in this case), which is that there is *nothing* MSU can point to showing that it *even considered* the issue of natural immunity *before* issuing its Directive.[*]  Thus, the Court

---

[*] Plaintiff also alerts the Court that it should be especially vigilant to shut down any attempt at the September 22 hearing by Defendants to try to come forward, for the first time and after all briefing has closed, with something—anything—trying to show that they considered and addressed the issue of natural immunity before issuing their Directive.  Dr. Zervos's *post hoc* declarations about

2

should recognize Defendants' late hit by Dr. Zervos for what it is and take the steps needed to restore a level playing field going into the nationally significant September 22 hearing.

Plaintiff principally moves to strike on the grounds that Defendants are not entitled to submit yesterday's filing, which neither accompanied their surreply nor buttresses it, but rather pertains to an entirely separate matter (the scientific evidence underpinning natural immunity). Indeed, the late second Zervos declaration adds insult to injury by acknowledging that Dr. Zervos is also clearly acting outside his lane by offering a declaration to rebut a legal reply brief. *See* Late 2d Zervos Decl. at ¶ 1-2. *Alternatively*, Plaintiff moves to file a reply to second Zervos declaration from her own expert, Dr. Hooman Noorchashm, recognizing that this solution is not ideal given both the lateness of the hour and the burden imposed on the Court of reviewing additional scientific material so close to the hearing. *See* Ex. 2 (Noorchashm Rep. to Late 2d Zervos Decl.). That is why Plaintiff requests that form of relief only in the alternative. Whatever form of relief the Court grants, however, Defendants (the non-moving party) should not be allowed to (1) put in an extensive 18-page, new medical declaration with less than 48 hours before the preliminary injunction hearing; while (2) shielding simultaneously their sponsoring declarant, Dr. Zervos, from cross examination at the hearing.

Plaintiff filed this motion as expeditiously as possible under the circumstances given that Dr. Noorchashm must travel from Pennsylvania, counsel Hageman must travel from Wyoming, and counsel Younes must travel from Washington, D.C. for the hearing and given that this team for the hearing planned final, on-the-ground preparations for Tuesday evening, September 21 in Kalamazoo, so they are ready for the Wednesday morning, September 22, hearing.

---

studies that MSU apparently wished it had reviewed prior to issuing the Directive cannot compensate for that deficiency.

3

## ARGUMENT

Under both the Rules of Federal Procedure and the Local Rules, "parties do not have a right to file a surreply brief[.]" *Albino-Martinez v. Adducci*, 454 F. Supp. 3d 642 (E.D. Mich. 2020); *see also Jones v. Northcoast Behavioral Healthcare Sys.*, 84 Fed. App'x 597, 599 (6th Cir. 2003). Accordingly, parties must seek leave to file a surreply. *See Harshaw v. Bethany Christian Servs.*, No. 1:08-cv-104, 2010 WL 610262 (W.D. Mich. Feb. 19, 2010) (Maloney, J.) (granting motion to strike the equivalent of a surreply filed without first seeking leave); *see also Nett v. Wells Fargo Home Mortg. Inc.*, 2011 WL 1519166 (E.D. Mich. 2011).

> Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially "when new submissions and/or arguments are included in a reply brief*, and a nonmovant's ability to respond to the new evidence has been vitiated*." (Emphasis added).

*First Technology Capital, Inc. v. Banctec*, 2017 WL 2734716, *1 (E.D. Ky. 2017), *quoting Key v. Shelby Cnty.*, 551 Fed. App'x 262, 265 (6th Cir. 2014). "[M]any courts have noted" that surreplies 'are highly disfavored[.]'" *First Technology*, 2017 WL 2734716 *1, *quoting Liberty Legal Found. v. Nat'l Democratic Party of the USA*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012).

Despite this case law, out of litigation courtesy and in light of Plaintiff's enlarged reply brief, Plaintiff nevertheless agreed to Defendants' proposal to file a surreply on a narrow topic—MSU's police power under state law. Part of that agreement, however, included a negotiated timeframe for the surreply that would give all parties sufficient time to prepare for the hearing. In their opposition brief, Plaintiffs had been content to rely on CDC and Department of Education guidance as their only source of authority but when, on reply, Plaintiffs pointed out that such guidance provides no legal basis for MSU's Directive and that *Jacobson* police power resides only in a *state legislature* and *not in* either the federal government or in state university administrators,

4

Defendants realized they had to try to supply a state law basis to shore up their Directive. Despite the fact that Defendants should have earlier offered in their opposition brief an argument trying to connect up their *Jacobson* defense to a claimed delegation of police power to MSU, Plaintiff let that slide, content to rebut that untimely legal defense at the September 22 hearing.

But, as the saying goes, "give an inch and they take a mile." Late yesterday, Defendants filed their unauthorized second Zervos declaration without explanation or even seeking leave to do so. It is manifestly improper for Defendants to simply file a new scientific declaration when the pre-hearing filings on that topic had already come to rest, especially so close in time to the hearing. *See Pride v. BIC Corp.*, 218 F.3d 566, 575-75, 578-79 (6th Cir. 2000) (affirming district court decision below in which a motion to strike late-filed expert testimony was granted); *Seay v. TVA*, 339 F.3d 454, 482 n.9 (6th Cir. 2003) ("[Defendant] argues that Plaintiff could have filed a surreply . . . [T]his is beside the point, as the district court granted summary judgment only three days after TVA filed the reply brief, arguably too swift for Plaintiff to have requested a surreply."). Defendants had and continue to have the option of calling Dr. Zervos to testify upon points in dispute between him and Dr. Noorchashm. So yesterday's late declaration was an attempt to testify on paper while dodging the downside risk of exposing Dr. Zervos to cross examination tomorrow.

Moreover, the second Zervos declaration contained no information that could not have been included in Dr. Zervos's initial Declaration, responding as it did to Drs. Noorchashm's, Bhattacharya's, and Kulldorff's Declarations on the subject of natural immunity and thus to their expert opinions rejecting MSU's dubious claim of medical necessity for vaccinating individuals who have recovered from COVID-19 and the risks of mandating the vaccine for such naturally immune individuals. *See Crenshaw v. Portfolio Recovery Assocs.*, 433 F. Supp. 3d 1057, 1063 (W.D. Ky. 2020) ("a surreply is unwarranted because Crenshaw's reply merely responds to

5

arguments made by Defendants in their response.  As such, there is no valid reason to grant leave for Defendants to file an additional reply.").

If the Court is not inclined to strike the late second Zervos declaration, Plaintiff respectfully submits that, since she bears the burden of proof, she is entitled to the last word on the subject and should be permitted to file a response to the untimely additional medical points Dr. Zervos tries to make without going on the stand.  *Cf. Seay*, 339 F.3d at 481 (holding that, where defendants' submissions involved new evidence, including a new declaration, summary judgment was inappropriate "as Plaintiff was not accorded an adequate opportunity to respond to the new evidence presented with [Defendant's] reply briefs."); *Crenshaw*, 433 F. Supp. 3d 1063 (W.D. Ky. 2020) ("Generally speaking, sur-replies are highly disfavored, as they usually are a strategic effort by the *nonmoving party* [*i.e.,* the one *not* bearing the burden] to have the last word on the matter.").

## CONCLUSION

Defendants' strategic and unauthorized second Zervos declaration should either be struck from the record or, alternatively, Plaintiff should be permitted to file the attached Noorchashm reply to the late Zervos declaration in light of the fact that Plaintiff bears the burden of proof.

September 21, 2021

                                          Respectfully submitted,

*/s/ Jenin Younes*
Jenin Younes
Litigation Counsel
Jenin.Younes@ncla.legal
*Admitted in this Court*
\* Admitted only in New York.  DC practice limited to matters and proceedings before United States courts and agencies. Practicing under members of the District of Columbia Bar.

6

*/s/ Harriet Hageman*
/s/ Harriet Hageman,* MSB #87482
Senior Litigation Counsel
*Admitted in this Court*
Harriet.Hageman@ncla.legal
* Admitted only in Wyoming, Colorado, and Nebraska.  Practice limited to matters and proceedings before United States Courts and agencies.  Practicing under members of the District of Columbia Bar.

*/s/ John Vecchione*
/s/ John Vecchione
Senior Litigation Counsel
John.Vecchione@ncla.legal
*Admitted in this Court*

NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
Telephone: (202) 869-5210
Facsimile: (202) 869-5238


*Attorneys for Plaintiffs*

7

**CERTIFICATE OF COMPLIANCE**
**PURSUANT TO CIV. L. R. 7.3(b)(i)**

I hereby certify that this Brief contains 1,690 words, as produced by and counted by the Microsoft Word Office 365 software.

    /s/ Jenin Younes