UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEANNA NORRIS,                            )
                    Plaintiff,            )
                                          )        No. 1:21-cv-756
-v-                                       )
                                          )        Hon. Paul L. Maloney
SAMUEL L. STANLEY, JR., et al.,           )
                    Defendants.           )
_____  )

## ORDER DENYING MOTION FOR EMERGENCY STAY AND FOR INJUNCTION

On October 8, 2021, this Court declined to issue a preliminary injunction enjoining Defendants from enforcing the Michigan State University (MSU) vaccine mandate policy (ECF No. 42). Plaintiff now asks the Court to stay these proceedings and issue an injunction, as to her, enjoining MSU's vaccine mandate because "her constitutional rights to bodily autonomy and to decline medical treatment are being infringed," pending an appeal of this Court's order denying her a preliminary injunction (ECF No. 51).

Fed. R. App. P. 8(a)(1) permits a district court to stay a judgment or order pending the appeal of that judgment or order. In determining whether a stay should be granted, courts consider the four factors that are traditionally considered in evaluating granting a preliminary injunction: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Mich. Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

Additionally, Fed. R. App. P. 8(c) allows a district court to issue an order suspending, modifying, restoring, or granting an injunction while an appeal is pending. The same four factors are applicable in this analysis as well. *See Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2012).

The Court will decline to grant a stay or an injunction. Procedurally, Plaintiff's motion fails because she has not filed a notice of appeal yet. To properly request a stay and the granting of an injunction under Fed. R. App. P. 8, Plaintiff must first file a notice of appeal of the order denying her preliminary injunction. *See, e.g., Roe v. United States*, No. 0CV00425-MSK-MJW, 2005 WL 2978611, at *2 (D. Col. Nov. 7, 2005) ("Because the Plaintiffs have not filed a Notice of Appeal, their request for stay is premature and denied.").

Nevertheless, the Court finds that Plaintiff's motion also fails on the analysis of the above four factors. Plaintiff's assertion that she "need only show a 'serious question going to the merits' to succeed on this application," (ECF No. 51 at PageID.1023) is incorrect. Rather, the standard is that "the movant is always required to demonstrate more than the mere 'possibility' of success on the merits," and "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay." *Griepentrog*, 945 F.2d at 153-54. Because of this inverse relationship, Plaintiff need only show a "serious question" as to the merits *after* she demonstrates irreparable harm. *See id.*

For the reasons stated in this Court's order denying Plaintiff's motion for temporary restraining order (ECF No. 7) and order denying a preliminary injunction (ECF No. 42), the Plaintiff has not demonstrated that she faces an irreparable harm absent injunctive relief. For

the first time, Plaintiff contends in her present motion that she is considering getting the COVID-19 vaccine in order to avoid financial hardship from losing her job (*see* ECF No. 51 at PageID.756), which she characterizes as an irreparable injury from unwanted medical treatment. However, MSU is not "forcing" her to get the vaccine. With all due regard to the difficult financial considerations, Plaintiff still has the choice as to whether she wants to get the vaccine or not. And if she chooses not to get it, then MSU may choose to terminate her because of her at-will employee status. As this Court has explained, being wrongfully terminated is not an irreparable injury.

Because Plaintiff cannot show that she is facing an irreparable injury absent an injunction, she must show a substantial likelihood of success on the merits to receive her requested relief. This likelihood of success must be even more likely than when she originally moved for injunctive relief based on the "inversely proportional" relationship between these two factors when evaluating them on a motion for a stay. *See Griepentrog*, 945 F.2d at 153. Plaintiff cannot do so. Plaintiff essentially argues that the Court improperly applied a rational basis standard of review and that strict scrutiny should apply instead. Yet, Plaintiff fails to assert any new arguments why strict scrutiny should apply. This Court—along with the Supreme Court, the Seventh Circuit, and multiple federal district courts—have held that rational basis analysis applies to generally applicable COVID-19 vaccine mandates due to *Jacobson v. Massachusetts*, 197 U.S. 11 (1905). *See, e.g., Klaassen v. Trs. of Ind. Univ.*, 7 F.4th 592, 593 (7th Cir. 2021); *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 70 (2020) (Gorsuch, J., concurring); *Harris v. Univ. of Mass., Lowell*, No. 21-cv-11244-DJC, 2021 WL 3848012 (D. Mass. Aug. 27, 2021); *Kheriaty v. Regents of the Univ. of Cal.*,

No. 8:21-cv-01367 (C.D. Cal. Sept. 29, 2021). The Court maintains that rational basis applies.

Plaintiff further argues that even if rational basis applies, the MSU vaccine mandate does not meet rational basis here. Plaintiff contends that the "battle of the experts," which the Court observed during the preliminary injunction hearing, establishes that "there is no logical reason to assign vaccine acquired immunity greater validity than that attained through natural infection" (ECF No. 52 at PageID.1024). But based on the record, Defendants presented ample evidence that vaccine immunity is effective. "Any plausible justification offered by the state, or even hypothesized by the court, it survives rational-basis scrutiny." *See Am. Express Travel Related Servs. Co., Inc. v. Kentucky*, 641 F.3d 685, 690 (6th Cir. 2011). MSU's vaccine mandate clearly survives rational basis scrutiny despite Plaintiff's arguments.

Accordingly, the Court finds that Plaintiff is not entitled to a stay of these proceedings or an injunction as applied to her enjoining the MSU vaccine mandate.

**IT IS HEREBY ORDERED** that Plaintiff's motion for emergency stay and for an injunction (ECF No. 51) is **DENIED**.

**IT IS SO ORDERED.**

Date:   October 29, 2021                                     /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge

4