UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| JEANNA NORRIS, KRAIG EHM, and D'ANN ROHRER, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:21-cv-00756 |
| vs. | ) ) ) | |
| SAMUEL L. STANLEY, JR., in his official capacity as President of Michigan State University; DIANNE BYRUM, In her official capacity as Chair of the Board of Trustees, DAN KELLY, in his official capacity as Vice Chair of the Board of Trustees; and RENEE JEFFERSON, PAT O'KEEFE, BRIANNA T. SCOTT, KELLY TEBAY, and REMA VASSAR in their official capacities as Members of the Board of Trustees of Michigan State University, and JOHN and JANE DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiffs' chief arguments in opposition to dismissal of their Amended Complaint are that: 1) the level of scrutiny to be applied to MSU's vaccination requirement is an "open question;" 2) MSU's requirement does not survive even rational basis scrutiny; 3) MSU's requirement creates an unconstitutional condition; and 4) MSU's requirement is preempted by the Emergency Use Authorization statute. Each of these issues are questions of law that this Court has thoroughly evaluated and decided three times already. ECF Nos. 7, 42, 54. No factual allegations in the Amended Complaint, even taken as true, change the well-founded legal conclusions that this Court has reached on each of Plaintiffs' claims. The Amended Complaint should be dismissed with prejudice.

1

US.135945554.03

**I.      Rational basis review applies to MSU's vaccine requirement.**

No authority supports Plaintiffs' suggestion that they have a fundamental right to refuse vaccination required as a condition of employment. Instead, they urge the Court to reject, or at least "limit" the clear holding of *Jacobson v. Massachusetts*, 197 U.S. 11 (1905)—essentially urging that its longevity as binding authority for the past 115 years is the very reason it should now be discarded. ECF No. 62, PageID.1387-89. Because no case so holds, Plaintiffs instead point to recent challenges to President Biden's executive orders—none of which rejects or limits *Jacobson*.

In fact, the opposite is true; each of the recent cases Plaintiffs cite relies on *Jacobson* for the proposition that it is within states' powers to require vaccination. ECF No. 62, PageID.1389. For example, the Fifth Circuit decision in *BST Holdings*, which *Louisiana v. Becerra* relies upon as well, noted that "to mandate that a person receive a vaccine . . . falls squarely within the States' police power" under *Jacobson*. *BST Holdings, LLC v. OSHA*, 17 F.4th 604, 617 (5th Cir. 2021) (enjoining OSHA rule); *Louisiana v. Becerra*, No. 3:21-CV-03970, 2021 WL 5609846, at *15 (W.D. La. Nov. 30, 2021) (enjoining CMS rule). The Sixth Circuit's rejection of the Fifth Circuit's *BST Holdings* decision on other grounds did not disturb this characterization of *Jacobson*. *In re MCP No. 165*, No. 21-7000, 2021 WL 5989357, at *17 (6th Cir. Dec. 17, 2021); *Missouri v. Biden*, No. 4:21-cv-1329, 2021 WL 5564501, at *10 (E.D. Mo. Nov. 29, 2021) ("forcing the administration of a specific vaccine, into the otherwise unwilling . . . has long been the province of the states"). More fundamentally, these cases are not *Jacobson* cases, they are challenges to *federal* executive branch authority based on separation of powers principles. They simply have very little relevance to evaluating the propriety of MSU's vaccine requirement and certainly offer no basis for the Court to find *Jacobson* inapplicable here.

MSU does not contend that "all vaccine mandates are always legal," and upholding MSU's mandate does not require the Court to find as much. ECF No. 62, PageID.1388. Instead, as this Court has confirmed three times, *Jacobson* allows for vaccination requirements that are "reasonably required for the safety of the public"— in other words, that pass rational basis scrutiny. *Id.* (quoting *Jacobson*, 197 U.S. at 28); *see also, e.g.*, *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 70 (2020) (Gorsuch, J., concurring) (observing that "*Jacobson* didn't seek to depart from normal legal rules," but instead "applied what would become the traditional legal test associated with the right at issue"—the "[r]ational basis review . . . test th[e] Court normally applies to Fourteenth Amendment challenges, so long as they do not involve suspect classifications based on race or some other ground, or a claim of fundamental right"— *i.e.* "exactly what the Court does today"). MSU's requirement meets this standard. *See* ECF No. 42, Page.ID. 822-23.

**II.     MSU's vaccine requirement satisfies rational basis review.**

In substance, Plaintiffs' arguments that the vaccine requirement does not satisfy rational basis review are disagreements with vaccine mandates as a matter of public policy. ECF No. 62, PageID.1389-1397. But Plaintiffs are wrong when they claim that there is no "scientific evidence" supporting the efficacy of COVID-19 vaccination, and they cannot survive a motion to dismiss simply by ignoring it.[1] *Compare id.* at PageID.1391, *with* ECF No. 60, PageID.1349-1354.

Plaintiffs again lean heavily on two interim decisions rejecting federal CMS vaccination requirements to urge the Court to do the same here. ECF No. 62, Page.ID.1392-93. Those cases,

---

[1] Plaintiffs' hypothetical exercise and vegetable mandates are nonsensical as neither relate to control of an airborne and highly contagious virus. ECF No. 62, PageID.1390.

which Plaintiffs cite for policy considerations relevant only in the healthcare context (rather than legal principles) are challenges to federal rulemaking under the Administrative Procedures Act—not substantive due process challenges. *Id*. (citing *Louisiana*, 2021 WL 5609846, and *Missouri*, 2021 WL 5564501). *Jacobson*, which *is* a substantive due process case, recognized that, like the COVID-19 vaccine, the smallpox vaccine could prevent the spread of that virus. *Id*. at 1391 (quoting *Jacobson*, 197 U.S. at 32); *see also, e.g.*, Key Things to Know About COVID-19 Vaccines, *available at*: https://www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html (updated Nov. 30, 2021) ("COVID-19 vaccines can reduce the risk of people spreading the virus that causes COVID-19."). But *Jacobson* did not, as Plaintiffs now suggest, hold that the fact that vaccines also provide individual protection from severe infection somehow undermines the reasonableness of requiring them. ECF No. 62, Page.ID.1391.

The only "factual" dispute Plaintiffs point to is the impact of so-called natural immunity on the reasonableness of MSU's requirement.[2] *Id*. at PageID.1393-96. The construction of this issue most favorable to Plaintiffs for purposes of this motion to dismiss is that "naturally acquired immunity is equally or more protective to that achieved through vaccination." *Id.* at PageID.1393.[3] Taking this allegation as true still does not render MSU's policy irrational as a matter of law.

---

[2] Plaintiffs' invocation of *Daubert* is misplaced and unavailing. Hypothetical "facts" about natural immunity that "if proven" would undermine MSU's rational basis are not the same as actual facts. *Id*.

[3] In support of this argument, Plaintiffs submit evidence outside the pleadings that cannot properly be considered on a motion to dismiss. ECF No. 62-1. *Excel Homes, Inc. v. Locricchio*, 7 F. Supp. 3d 706, 710 (E.D. Mich. Mar. 2014) (excluding exhibits attached to opposition to motion to dismiss). That said, this document is also meaningless as it simply reflects that the CDC does not collect the type of information requested. *Compare* ECF No. 62-1 ("this

Plaintiffs' focus on transmissibility does not speak to other considerations that rationally support MSU's policy, for example that vaccination reduces the length of time in which an individual infected with COVID-19 may be capable of shedding the virus to others, lessens the severity of any symptoms they might experience, or will further reduce the risk of reinfection, for example. ECF No. 62, Page.ID.1393, 1395-1396; *see, e.g.*, Vaccine reduces transmission in breakthrough cases (pub. Dec. 1, 2021), *available at*: https://news.harvard.edu/gazette/story/2021/12/vaccinated-who-get-breakthrough-infections-less-contagious/ (explaining that vaccinated individuals with breakthrough infections "shed [COVID-19 virus] for a shorter period than [infected] unvaccinated people"); Science Brief: SARS-CoV-2 Infection-induced and Vaccine-induced Immunity (updated Oct. 29, 2021), *available at*: https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/vaccine-induced-immunity.html ("Substantial immunologic evidence and a growing body of epidemiologic evidence indicate that vaccination after infection significantly enhances protection and further reduces risk of reinfection[.]").

The standard applicable to MSU's requirement is whether it is reasonably related to legitimate government interests. ECF No. 60, PageID.1356-58. Rational basis review is extremely deferential; MSU's policy is "accorded a strong presumption of validity and must be upheld so long as there is "any plausible justification offered . . . or even hypothesized by the court," including "rational speculation" without "a foundation in the record." *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 745 (M.D. Tenn. 2021). MSU's requirement is supported by all relevant public health authorities and consistent with cases upholding similar requirements. ECF No. 60, Page.ID.1351-1354; ECF No. 42, PageID. 823, 825-826. Plaintiffs cannot refute this.

---

information is not collected") *with* ECF No. 62, PageID.1382 (mischaracterizing letter as CDC's "inability to document" requested data).

What they seem to be arguing instead is that the Court should permit this litigation to continue based on the *possibility* that scientific hypotheticals they posit today will become reality tomorrow and will render MSU's requirement unjustified. But Plaintiffs initiated this suit against MSU months ago based on their claim that MSU's policy was unconstitutional *at that time*. Federal law does not permit parties to sue now in hopes that their claims will develop later, and this Court should not either. *See, e.g.*, *Bay Mills Indian Cmty. v. Whitmer*, 794 F. App'x 485, 486 (6th Cir. 2019) (instructing that courts may not render "advisory opinion[s] describing what the law would be based on hypothetical facts" (quotation omitted)). Of course, MSU has and will continue to follow the relevant health authority guidance with regard its vaccine directive, so comparing today's policy based on today's guidance against tomorrow's hypothetical facts is pointless.  In any event, the only question that will ever control the rational basis challenge in this case is whether MSU's requirement was reasonably related to legitimate government interests on November 5, 2021—the date of the Amended Complaint. ECF No. 55. As a matter of law, MSU's policy is and was supported by far more than the requisite "plausible justification," so Plaintiffs' challenge must be dismissed. *See also Harris v. Univ. of Mass., Lowell*, No. 21-CV-11244-DJC, 2021 WL 3848012, at *6 (D. Mass. Aug. 27, 2021) (dismissing substantive due process challenge to university's COVID-19 vaccination requirement finding that the policy was "based . . . upon both medical and scientific evidence and research and guidance, and thus is at least rationally related to these legitimate interests" (citation omitted)).

### III. MSU′s vaccine requirement does not constitute an unconstitutional condition.

Plaintiffs insist that MSU's arguments opposing their unconstitutional condition theory— the same arguments already considered and credited by this Court—are a "misunderstanding or misportrayal" of the doctrine. ECF No. 1397, Page.ID.1397; ECF No. 42, Page.ID.824. They point to *Memorial Hospital v. Maricopa County*, 415 U.S. 250 (1974), as a basis to excuse their

6

obligation to identify an enumerated right in order to claim an unconstitutional condition. ECF No. 1397, Page.ID.1397. But that case characterized the "right of interstate travel" as a "basic constitutional freedom," *Memorial Hospital*, 415 U.S. at 254-55, and Plaintiffs have no similar constitutional freedom—enumerated or otherwise—to decline vaccinations required as a condition of employment.

Moreover, there is no coercion as a matter of law. Unlike the ailing interstate travelers denied healthcare in *Memorial Hospital*, Plaintiffs have other options. Ehm and Rohrer could have gotten vaccinated and maintained their employment with MSU or simply chosen to work elsewhere. Without a constitutional right at stake, this choice is not coercive. Cases disagreeing with this Court and the Sixth Circuit's conclusion that loss of employment is not irreparable for purposes of enjoining other vaccination requirements simply do not bear on the unconstitutional conditions analysis. *Compare* ECF No. 62, PageID.1400 (citing cases) *with* ECF No. 42, Page.ID.816.

## IV.  MSU's Vaccine Requirement is not preempted by federal law.

Plaintiffs concede that the EUA Statute (21 U.S.C. § 360bbb-3) does not provide for a private cause of action and they cite no case finding otherwise. ECF No. 62, PageID.1401. This statute requires healthcare providers administering EUA-approved vaccinations to obtain informed consent from the patients to whom the vaccinations are administered. 21 U.S.C. § 360bbb-3. MSU agrees that the right of informed consent required by the statute belongs to Plaintiffs (as they note), but that is of no moment because "MSU's policy does not preclude Plaintiff[s] from receiving informed consent, nor does it prevent [them] from accepting or refusing administration of the vaccine." ECF No. 42; Page.ID.825 n.2.

Without a legal basis for a preemption claim, Plaintiffs instead resort to insisting that the issue of "whether employers may mandate EUA vaccines" is "unsettled" and that public policy

7

weighs against employer vaccination requirements generally. ECF No. 62, Page.ID.1403. Neither of these arguments establishes preemption, and Plaintiffs cite no authority for their audacious claim that "given the lack of precedent, as the question has never been addressed by courts higher than the district level, it cannot be decided at the motion to dismiss stage where all factual inferences are to be made in Plaintiffs' favor." *Id*. There are simply no "factual inferences" that can salvage Plaintiffs' preemption claim. The EUA statute requires informed consent to be obtained by healthcare providers, and this Court has already held that MSU's policy does nothing to undermine that requirement. ECF No. 42; Page.ID.825 n.2.

Plaintiffs' lengthy diversion into the interchangeability (or lack thereof) between the EUA- authorized and FDA-approved Pfizer vaccines is an effort to create a factual dispute on an issue that is irrelevant. ECF No. 62, PageID. 1378-1380, 1403-1406. Construing Plaintiffs' allegations in their favor for purposes of the motion to dismiss, Pfizer's BioNTech and Comirnaty are distinct and no fully-FDA approved vaccine is widely available. ECF No. 55, PageID.1240-1243.[4] Those facts have no bearing on whether, as a matter of law, the EUA statute, which does not apply to MSU and is not violated by its vaccine requirement, nonetheless preempts that requirement. It does not.

---

[4] It is worth noting that as a factual matter, Plaintiffs' own authority casts doubt on the accuracy of these allegations. For example, Plaintiffs contend that the court in *Doe v. Austin* recognized that differences in inactive ingredients "can translate into a difference in safety and efficacy." ECF No. 62, PageID.1379. However, the opinion actually concludes that the plaintiffs "haven't shown a 'reasonable possibility' that excluding [one inactive ingredient] from a vial of the EUA vaccine makes it any 'less safe and effective' than [FDA-approved] Comirnaty," so the court "d[id] not discount the FDA's conclusion that the two vaccines are medically interchangeable." *Doe #1-#14 v. Austin*, No. 3:21-cv-1211, 2021 WL 5816632, at * 3 n.5 (N.D. Fla. Nov. 12, 2021).

## V. Norris should be dismissed for lack of standing.

Finally, even if the Court determines that any of Plaintiff Ehm or Rohrer's claims survive this motion, Plaintiff Jenna Norris should be dismissed for lack of standing. She recently sought a religious exemption from MSU's vaccine requirement, which she had not done at the time she filed her suit or litigated the preliminary injunction, and that request was granted on November 19, 2021.[5] *See* Plaintiff-Appellants' Motion to Dismiss Without Prejudice (attached hereto as Exhibit A).[6] Accordingly, Plaintiff Norris is subject to no injury sufficient to confer Article III standing. *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 861 (6th Cir. 2020) (To establish standing, Norris "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."). "A federal court may not "adjudicate challenges to state measures absent a showing of actual impact on the challenger." *Dubuc v. Parker*, 168 Fed. Appx. 683, 687 (6th Cir. 2006) (quoting *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 64 (1997)) (finding an attorney lacked standing to pursue a challenge seeking admission to the Michigan bar when he was subsequently admitted to the bar).

At this point, Plaintiff Norris stands to suffer no concrete harm from MSU's requirement. She is exempt and need not receive a COVID-19 vaccination as a condition of her employment. She has no injury that this Court can redress and is therefore no longer a proper plaintiff in this lawsuit.

---

[5] Although Norris's exemption was granted the same day that MSU filed its motion to dismiss, counsel was unaware of the exemption at the time of filing.

[6] The district court has "wide discretion" to consider matters outside of the pleadings, including this public filing, which is also subject to judicial notice, in resolving jurisdictional issues. *Prop. Mgmt. Connection, LLC v. Consumer Fin. Prot. Bureau*, No. 3:21-CV-00359, 2021 WL 5282075, at *4 (M.D. Tenn. Nov. 10, 2021).

## VI. Conclusion

Construing all of Plaintiffs' allegations as true and drawing all reasonable inferences in their favor does not transform their Amended Complaint into one that states any claim on which relief can be granted. Because Plaintiffs have no right to amend and any further amendment would be futile, Plaintiffs' Amended Complaint should be dismissed with prejudice.

Date: January 3, 2022   FAEGRE DRINKER BIDDLE & REATH LLP

*/s/ Anne K. Ricchiuto*
Anne K. Ricchiuto (#25760-49)
Stephanie L. Gutwein (#31234-49)
300 North Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: 317-237-0300
Fax: 317-237-1000
anne.ricchiuto@faegredrinker.com
stephanie.gutwein@faegredrinker.com

Uriel Abt
Michigan State University
Office of the General Counsel
426 Auditorium Rd., Rm 494
East Lansing, MI 48824-2600
Telephone: 517-353-3530
Fax: 517-432-3950
abturiel@msu.edu

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

As required by LCivR 7.2(b)(ii), I certify that this document complies with the word limit contained within LCivR 7.2(b)(i) because, excluding the parts of the document exempted by that rule, this document contains 2,696 words, according to the word count function of Microsoft Word for Office 365.

Date:   January 3, 2022

                                                */s/ Anne K. Ricchiuto*
                                                Anne K. Ricchiuto

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2022, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                      Harriet Hageman
                      Jenin Younes
                      John Vecchione
                      New Civil Liberties Alliance
                      1225 19th Street NW, Suite 450
                      Washington, DC 20036

                                                */s/ Anne K. Ricchiuto*