UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEANNA NORRIS, *et al.*, <br>　　　　Plaintiffs, <br> <br> -v- <br> <br> SAMUEL L. STANLEY, JR., *et al.*, <br>　　　　Defendants. | No. 1:21-cv-756 <br> <br> Honorable Paul L. Maloney |

## OPINION AND ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendants' motion to dismiss the first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 59). The Court has already issued an opinion on the motion: it granted the motion as to Count II (violation of the unconstitutional conditions doctrine and procedural due process) and Count III (violation of the Supremacy Clause). Only Count I (violation of the substantive due process right to refuse unwanted medical care) remains, the dismissal of which is the subject of this opinion. For the following reasons, the Court will dismiss Count I and terminate this case.

As a preliminary matter, Plaintiffs have an outstanding motion to supplement their response to Defendants' motion to dismiss (ECF No. 68). The motion contains a study from the CDC concerning the efficacy of natural immunity and vaccine immunity. Plaintiffs relied on this study at the hearing on the motion to dismiss,[1] and Defendants did not object. Thus, Defendants do not appear to oppose this study being placed on the record. Moreover, even if Defendants did object, the Court would take judicial notice of the CDC study, which was

---

[1] As of the date of this order, the transcript for the motion to dismiss hearing, held on February 11, 2022, is not yet available.

conducted by a federal agency. *See Overall v. Ascension*, 23 F. Supp. 3d 816, 824-25 (E.D. Mich. 2014) ("The Court may take judicial notice of public documents and government documents because their sources 'cannot reasonably be questioned.'") (citing Fed. R. Evid. 201(b)). The Court will grant Plaintiffs' motion to supplement.

Moving onto Defendants' motion to dismiss, the Court will dismiss the only remaining claim in this matter.[2] This substantive due process claim asserts that Michigan State University's (MSU) vaccine policy violates Plaintiffs' liberty interests by forcing them to forgo their rights to bodily autonomy and to decline medical treatment (*see* ECF No. 55 at PageID.1220-29). The Court has held numerous times, in accordance with the case law from

---

[2] In the opinion and order granting Defendants' motion to dismiss as to Counts II and III, the Court outlined the law regarding Fed. R. Civ. P. 12(b)(6) motions:

> A complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).
> 
> To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide sufficient factual allegations that, if accepted as true, are sufficient to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, and the "claim to relief must be plausible on its face." *Id.* at 570. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). If plaintiffs do not "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.
> 
> When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. For Bio-Ethical Reform*, 648 F.3d at 369. The Sixth Circuit has noted that courts "may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011). However, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations"; rather, "it must assert sufficient facts to provide the defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Rhodes v. R&L Carriers, Inc.*, 491 F. App'x 579, 582 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

(ECF No. 64 at PageID.1428-29).

2

several jurisdictions, that rational basis scrutiny applies when assessing whether the MSU vaccine policy is constitutional (*see* ECF Nos. 7, 42, 54, 64). Because the record establishes that there is robust debate surrounding the efficacy of natural immunity versus vaccine immunity, the Court held a hearing to determine whether MSU's vaccine policy does or does not survive rational basis review for failing to include an exemption for people who have acquired natural immunity to COVID from a previous diagnosis. Despite this vigorous debate, the Court finds that the policy survives rational basis.

Given that rational basis applies, the burden is on Plaintiffs to show that the MSU vaccine mandate is not rationally related to a legitimate government interest. *See Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000). Under rational basis review, "a plaintiff faces a severe burden and must 'negate all possible rational justifications for the distinction.'" *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 770 (6th Cir. 2005) ((quoting *Gean v. Hattaway*, 330 F.3d 758, 771 (6th Cir. 2003)). This is a difficult burden for plaintiffs to overcome because "[u]nder rational basis review, courts 'do not require that the government's action actually advance its stated purposes, but merely look to see whether the government *could* have had a legitimate reason for acting as it did.'" *Kheriaty v. Regents of Univ. of Cal.*, No. SACV21-1367, 2021 WL 6298332, at *8 (C.D. Cal. Dec. 8, 2021) (quoting *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 66 (9th Cir. 1994)). In the context of vaccine mandates at universities, "[t]he question before the Court is not whether the vaccine policy is the best vehicle for achieving the stated goals, but merely whether the University could have had a legitimate reason for acting as it did." *Id.*

Since the implementation of COVID vaccine mandates at colleges and universities across the United States, courts in numerous jurisdictions have heard challenges to these mandates. Overwhelmingly, courts have denied the plaintiffs' injunctive relief requests and have upheld the generally applicable policies. *See, e.g., Kheriaty v. Regents of Univ. of Cal.*, No. SACV21-01368 JVS (KESx), 2021 WL 4714664 (C.D. Cal. Sept. 29, 2021); *Harris v. Univ. of Mass., Lowell*, -- F. Supp. 3d --, 2021 WL 3848012 (D. Mass. 2021); *Klaassen v. Trs. of Ind. Univ.*, 7 F.4th 592 (7th Cir. 2021); *Messina v. Coll. of N.J.*, -- F. Supp. 3d --, 2021 WL 4786114 (2021); *Children's Health Def. v. Rutgers State Univ.*, No. 21-15333 (ZNQ) (TJB), 2021 WL 4398743 (D.N.J. Sept. 27, 2021).

However, very few of these cases have reached the dispositive motion stage. It appears that district courts in only three cases involving COVID vaccine mandates at universities have issued a ruling on a Rule 12 motion: *Harris*, -- F. Supp. 3d --, 2021 WL 3848012; *Kheriaty*, 2021 WL 6298332; and *Wade v. University of Connecticut Board of Trustees*, -- F. Supp. 3d --, 2021 WL 3616035 (D. Conn. 2021).[3] During the motion to dismiss hearing on February 11, this Court inquired as to whether the parties were aware of any additional similar cases percolating in other circuits. The parties were not aware of any.

---

[3] *Wade* is distinguishable from this matter. 2021 WL 3616035, at *1. In *Wade*, the District of Connecticut granted the University of Connecticut's motion to dismiss under Rule 12(b)(1). At the time the Court decided the Rule 12(b)(1) motion, two of the plaintiffs had received an exemption from the university's vaccine mandate, and the only other plaintiff never sought an exemption in the first place. The court found that the claims of the two plaintiffs who received exemptions "are moot because they are unlikely to face any continuing injury from the vaccination requirement." *Id.* As to the third plaintiff who declined to seek an exemption, "[h]aving failed to avail herself of a simple process that may allow her to avoid the vaccination requirement, she has not suffered an injury that the law recognizes as the basis for a right to complain in federal court." *Id.* Thus, based on mootness and lack of injury, the court concluded that it lacked subject matter jurisdiction, and it dismissed the matter. *Id.* at *9. In the present matter, Defendants' do not raise a standing question in their motion or seek dismissal pursuant to Rule 12(b)(1). Thus, *Wade* is of little value in this case.

In *Harris*, the District of Massachusetts "allowed" the university's 12(b)(6) motion, and it entered judgment on all counts for the defendants. *See Harris*, 2021 WL 3848012, *8. In April 2021, the University of Massachusetts Lowell and the University of Massachusetts Boston announced that they would implement COVID vaccine mandates for all students who would visit campus unless they received an exemption. *Id.* at *4. Two students commenced the action, alleging violations of their free exercise rights, and violations of procedural and substantive due process. *Id.* at *1. The district court found that plaintiffs failed to state a plausible claim on all counts because (1) plaintiffs failed to show that the policy burdened their religious rights, (2) plaintiffs were not entitled to process "above and beyond" the publication of the policy, and (3) plaintiffs failed to show that their substantive due process rights were violated because they failed to overcome the deferential rational basis standard. *Id.* at *6-7. The plaintiffs appealed, and the parties are currently briefing their arguments in front of the First Circuit. *See Harris v. Univ. of Mass., Lowell*, No. 21-1770 (1st Cir. 2021).

*Kheriaty*, which also resolved a challenge to a university COVID vaccine mandate on a Rule 12 motion closely aligns is very applicable to the present matter. *See generally Kheriaty*, 2021 WL 6298332. In July 2021, the University of California enacted a COVID vaccine mandate, which required all students, faculty, and staff, with limited exceptions, to be fully vaccinated before accessing the university's facilities. *Id.* at *1. The plaintiff in this matter was a professor who contracted COVID in July 2020 and has since fully recovered. *Id.* He sought declaratory relief enjoining the university from enforcing the policy against him because he alleged that due to his prior COVID infection, he had superior immunity to

COVID compared to vaccinated people. *Id.* The university moved for a judgment on the pleadings, which the district court granted. *Id.* at *9. The plaintiff appealed, and the matter is currently pending before the Ninth Circuit. *See Kheriaty v. Regents of the Univ. of Cal.*, No. 22-55001 (9th Cir. 2022).

In the Central District of California's order granting the university's motion for judgment on the pleadings, the *Kheriaty* Court recognized that the parties disagreed about the safety and effectiveness of the COVID vaccine, as well as the efficacy of vaccine versus natural immunity. *Id.* at *1. But for the purposes of a motion for judgment on the pleadings, the district court had to accept the factual allegations in the complaint as true. *Id.* In accordance with the expanding case law in numerous jurisdictions, the Court found that Kheriaty failed to show that the university's vaccine policy violated a fundamental right, and thus, it considered the challenge under rational basis review:

> The courts to consider the issue have applied rational basis review because they consistently found that vaccination does not implicate a fundamental right. *See, e.g., Williams v. Brown*, --- F. Supp. 3d ----, 2021 WL 4894264, at *9 (D. Or. Oct. 19, 2021) ("This Court joins [the] growing consensus and concludes that there is no fundamental right under the Constitution to refuse vaccination."). Here, the Vaccine Policy clearly implicates liberty interests that are distinct from what other courts have found to be a fundamental right. Kheriaty is not refusing "lifesaving hydration and nutrition." *See Cruzan v. Director, Mo. Dep't of Health*, 497 U.S. 261, 278 (1990) (inferring that "a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment"). The state is not seeking to inject him with drugs that have the purpose of "alter[ing] the chemical balance in the patient's brain, leading to changes, intended to be beneficial, in his or her cognitive processes." *Washington*, 494 U.S. at 229. Kheriaty does not allege that the Vaccine Policy interferes with "a competent adult exercis[ing] his fundamental liberty interest in medical autonomy by making an end-of-life medical treatment plan." *Magney*, 2018 WL 6460506, at *4. Instead, he is seeking to refuse a vaccine that the University is requiring to protect the broader campus community. Kheriaty cites to no precedent where a court extended the fundamental right

6

to bodily integrity to encompass vaccination. This Court declines to do so as well.

*Id.* at *7.

In applying rational basis review, the district court found that the stated purpose of the university's vaccine policy was "'to facilitate protection of the health and safety of the University community from' COVID-19." *Id.* at *8. The Court noted that as long as the university *could* have had a legitimate reason for acting as it did, then the policy would survive rational basis. *Id.* The plaintiff argued that the vaccine policy was not rationally related to the goal of public safety because he alleged that individuals with infection-induced immunity have superior protection to COVID. *Id.* However, this argument was not enough to overcome rational basis review, even accepting the allegations of the complaint as true. *Id.* The Court reasoned:

> The question before the Court is not whether the Vaccine Policy is the best vehicle for achieving the stated goals, but merely whether the University could have had a legitimate reason for acting as it did. The face of the Vaccine Policy makes clear that the University considered scientific literature and evidence before deciding to require vaccination. Additionally, the Vaccine Policy cites to government publications suggesting that a positive antibody test is insufficient to establish immunity. Presented with that evidence, it would be reasonable for the University to conclude that a broad vaccine requirement would be necessary even if the allegations in the complaint were true. With half a million members of the University community, it would be rational for the University to conclude that it would not be able to effectively ensure that all individuals had immunity to COVID-19 without requiring vaccination.

*Id.* (internal citations omitted).

The Court finds that *Kheriaty* is directly on point in this litigation. The Central District of California thoroughly analyzed a university vaccine mandate that, just like MSU's vaccine policy, failed to provide an exception for individuals with "natural immunity." Because the

7

University of California's policy relied on scientific literature and evidence, it survived rational basis scrutiny. In establishing its policy in July 2021, MSU also relied on scientific literature and guidance from the CDC, MDHHS, and FDA (*see* ECF No. 63 at PageID.1413-16; ECF No. 60 at PageID.1351-54 (outlining much of the guidance that MSU relied on in implementing its vaccine mandate)). It was not irrational for MSU to rely on this guidance at the time it implemented the policy. *See Danker v. City of Council Bluffs*, -- F. Supp. 3d --, 2021 WL 5326409, at *11-12 (S.D. Iowa 2021) (explaining that even in situations with "changed circumstances" and changing science, under rational basis review, courts must assess the challenged policy at the time of its implementation, not "years later").

Turning to cases outside of the university context that involve natural immunity, other courts have declined to enjoin COVID vaccine mandates for state and city employees. *See e.g., Troogstad v. City of Chicago*, -- F. Supp. 3d --, 2021 WL 5505542 (N.D. Ill. 2021); *Halgren v. City of Naperville*, -- F. Supp. 3d --, 2021 WL 5998583 (N.D. Ill. 2021). In these cases, various city employees challenged Illinois Governor Pritzker's executive orders that required healthcare workers to get the COVID vaccine or submit to weekly testing. As neither case implicated a fundamental right, the Northern District of Illinois applied rational basis review. *See Troogstad*, 2021 WL 5505542, at *5-7; *Halgren*, 2021 WL 5998583, at *23-33.

After conducting a comparative analysis of natural versus vaccine immunity based on the records in the cases, the Northern District of Illinois determined that the executive orders survived rational basis review. The *Troogstad* Court concluded:

> [E]ven if there were robust scientific debate about whether natural immunity is more effective than vaccine-created immunity in preventing the contraction and transmission of COVID-19 (as Plaintiffs contend), this still would not be enough for Plaintiffs to prevail.

2021 WL 5505542, at *7. And the *Halgren* Court concluded:

> Plaintiffs fail to show that the benefits of vaccination on top of natural immunity (and thus combining both forms of protection via hybrid immunity) exceeds the bounds of rational speculation as a "conceivable basis" for the mandates under the rational review test.

2021 WL 5998583, at *31.

*Kheriaty*, *Troogstad*, and *Halgren* all conclude that so long as a government regulation is supported by a "reasonably conceivable state of facts," it will survive rational basis review. *Troogstad*, 2021 WL 5505542, at *7. Because "[r]ational basis review does not require that every government policy be perfectly tailored to its goals," MSU's vaccine policy survives rational basis. *See Kheriaty*, 2021 WL 6298332, at *8. Although there is "robust scientific debate" about the efficacy of natural versus vaccine immunity, Plaintiffs have failed to establish that it was irrational for MSU not to provide an exception to its vaccine mandate for individuals who have acquired natural immunity. *See also Biden v. Missouri*, 142 S. Ct. 647, 653-54 (2022) (holding that the Centers for Medicare and Medicaid Services' interim final rule, which imposes a COVID-19 vaccination mandate for staff of healthcare facilities participating in Medicaid and Medicare, was not "arbitrary and capricious" even though it required vaccination of employees with natural immunity).

Plaintiffs have the burden of negating every rational basis that supports the MSU vaccine mandate, and the Court finds that they have failed to do so. CDC guidance is clear: "[V]accination remains the safest and primary strategy to prevent SARS-CoV2 infections,

associated complications, and onward transmission" (ECF No. 68 at PageID.1450). In achieving MSU's stated legitimate goal of protecting its students and staff from COVID-19, it was plainly rational, in July 2021 when MSU established the policy, for MSU to rely on CDC guidance and require its students and staff to receive the COVID vaccination.[4]

On the present record, Plaintiffs have failed to meet their burden of showing that the MSU vaccine policy is not rationally related to a legitimate purpose. Consequently, even accepting Plaintiffs' factual allegations as true, Plaintiffs have failed to state a claim upon which relief can be granted.

**IT IS HEREBY ORDERED** that Plaintiffs' motion to supplement (ECF No. 68) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Count I of the amended complaint (ECF No. 59) is **GRANTED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  February 22, 2022   /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

---

[4] The court notes Plaintiff's recent filing of the CDC study regarding natural immunity, released nearly two years after the commencement of the pandemic. Why did it take two years, plaintffs impliedly ask, in light of the CDC laser focus on vaccines as the principle answer to minimize sickness and "the spread"? A question outside the lane of the judiciary, but one which calls for an answer if the CDC's science is to provide the rational basis for employer actions in the future.